UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:24-cv-00956

| ASIA HAILEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT and JURY TRIAL |
| v. | ) | DEMAND |
| | ) | |
| THE CHARLOTTE-MECKLENBURG | ) | |
| HOSPITAL AUTHORITY d/b/a ATRIUM | ) | |
| HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Asia Hailey ("Hailey" or "Plaintiff"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health ("Atrium").

### NATURE OF PLAINTIFF'S CLAIMS

1. Atrium unlawfully retaliated against Plaintiff by treating her differently than other similarly situated employees who did not use continuous or intermittent FMLA leave upon their return to work. Furthermore, Atrium unlawfully discriminated against Plaintiff in violation of the ADA by terminating her employment because of her mental health disabilities. Specifically, Atrium, by and through Plaintiff's superiors, treated Plaintiff differently than other similarly situated employees who did not request an accommodation under the ADA. Instead, Plaintiff's superiors brushed aside RED Flag protocol violations on the basis that "everyone makes mistakes." Except when it applied to Plaintiff. Plaintiff's superiors falsely accused Plaintiff of committing RED Flag protocol violations, failed to follow Atrium's progressive disciplinary policy, and

terminated Plaintiff's employment. Finally, Atrium retaliated against Plaintiff by terminating her employment because she, in good-faith, complained about conduct she reasonably believed violated the ADA.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of York, South Carolina.

3. Atrium is a domestic corporation formed under the laws of North Carolina with its principal place of business located at 1000 Blythe Blvd, Charlotte, North Carolina 28203.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the ADA and FMLA for unlawful discrimination and retaliation.

5. This Court has personal jurisdiction because Atrium conducts substantial business in Mecklenburg County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Atrium has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

7. At all times relevant to this action, Plaintiff was a "qualified individual" covered by the protections of ADA, as amended, within the meaning of 42 U.S.C. § 12111(8).

8. At all relevant times, Atrium was a "covered entity" engages in an industry affecting commerce and had at least fifteen (15) or more employees each working day.

9. At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. §12111(4).

10. Atrium is an "employer" within the meaning of 42 U.S.C. §12111(5).

11. Atrium employed at least fifteen (15) employees at all relevant times.

12. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Atrium with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 430-2023-00521) alleging discrimination based on disabilities and retaliation on or about November 11, 2022. The EEOC issued a Notice of Suit Rights on July 30, 2024, and Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

13. At all relevant times, Atrium has been an "employer" within the meaning of the FMLA, in that Atrium employs fifty (50) or more employees in 20 or more workweeks, 29 U.S.C. § 2611(4).

14. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, in that Atrium employed her for at least 12 months, and she performed at least 1,250 hours of service with Atrium during the 12-month period preceding the termination of her employment, 29 U.S.C. § 2611(2).

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. Throughout her life, Hailey has struggled with anxiety, major recurrent depression, and adjustment disorder, which causes Hailey to experience uncontrollable stress and difficulty handling large workloads.

16. Atrium is a hospital network that operated more than 40 hospitals and hundreds of other healthcare facilities in the Southeastern United States.

17. Hailey began her employment with Atrium on or about January 3, 2017 as a Healthcare Technician. During her employment, Atrium promoted Hailey several times. In or

about September 2021, Atrium promoted Hailey to the Patient Connection Specialist role, which she held until her termination on August 23, 2022.

18. Despite her mental health disabilities, Hailey met or exceeded Atrium's legitimate employment expectations at all relevant times as evidenced by Hailey's positive performance evaluations, multiple promotions, and no disciplinary actions before requesting a reasonable accommodation under the ADA. Hailey consistently received scores of 10 out of 10 from patient care surveys, placing in the top 12% of all employees.

19. In or about November 2021, Hailey experienced a flare-up of her mental health disabilities and requested intermittent leave under the FMLA. Atrium granted Hailey's request and provided her with intermittent FMLA leave, which she utilized from about December 2021 until January 2022.

20. In or about January 2022, Hailey experienced uncontrollable stress and mental health issues caused by her expected workload of 70–100 telephone calls per day. Additionally, Hailey lost a close family member to cancer, which exacerbated her mental health issues and caused Hailey to be temporarily admitted to a psychiatric facility. Due to her hospitalization, Hailey requested continuous FMLA leave through March of 2022, which Atrium granted.

21. At all relevant times, Atrium knew or should have known of Hailey's mental health disabilities and her admittance to the psychiatric hospital. For example, Hailey sent her supervisors Marielynn Matteliano ("Matteliano"), Atrium's Supervisor and Hailey's direct superior, and Kristine Wright ("Wright"), Atrium's Manager, a letter which outlined her admittance to the psychiatric hospital because of her mental health disabilities. Hailey used continuous FMLA leave until March 2022. Additionally, upon her return to work, Hailey used intermittent FMLA leave when needed to manage her mental health disabilities.

22. Upon Hailey's return to work, Matteliano and Wright began treating Hailey differently than other employees under their supervision. For example, Matteliano and Wright deliberately ignored Hailey's work-related questions in Microsoft Teams group messages while immediately responding to other employees' work-related questions. On or about June 14, 2022, Hailey emailed Matteliano and Wright and complained that her questions were being ignored, whereas other employees' questions were not. Matteliano and Wright set up a Microsoft Teams meeting with Hailey, wherein they admitted they failed to respond to Hailey's messages.

23. On or about May 19, 2022, Hailey requested a reasonable accommodation via Atrium's third-party provider, Leavepro. Specifically, Hailey requested an additional 15-minute break each day and a 5% reduction in her expected call volume. Atrium's Human Resources representative asked Hailey to provide additional paperwork from her psychiatrist, which Hailey submitted on or about May 25, 2022.

24. Due to Atrium's internal system, which notifies a manager anytime an employee requests an ADA accommodation using Leavepro, Matteliano and Wright had knowledge of Hailey's request for an ADA accommodation.

25. On or about July 6, 2022, Hailey spoke with Atrium's Human Resources representative, Valerie (last name unknown), who informed Hailey she received the wrong forms and needed her psychiatrist to complete different forms, which Valerie provided via Leavepro. Hailey's psychiatrist completed and returned the new forms to Atrium on or about July 19, 2022.

26. On or about July 22, 2022, Atrium approved Hailey's ADA accommodation request and backdated the accommodation to July 5, 2022. Pursuant to the accommodation, Atrium promised to provide Hailey with an additional 15-minute break each day and a 5% reduction in her expected telephone call volume.

27. However, despite granting Hailey's request, Matteliano and Wright refused to allow Hailey to utilize the accommodation Atrium granted. For example, Matteliano and Wright increased Hailey's expected telephone call volume and did not allow Hailey to take an additional break. Matteliano and Wright emailed all Patient Connection Specialists daily, with charts that showed each individual's statistics. The charts showed that no Patient Connection Specialists were meeting Matteliano and Wright's expected telephone call volume. However, Matteliano and Wright publicly chastised only Hailey and threatened her with disciplinary action for not meeting her expected telephone call volume.

28. Despite her mental health issues and Atrium's promised ADA accommodation, Hailey began meeting Matteliano and Wright's expectations before August of 2022 and was continually meeting the expectations until her termination on August 23, 2022.

29. On or about July 1, 2022, Hailey emailed Matteliano and Wright requesting to use earned personal time off on several future dates. Hailey specifically informed Matteliano and Wright she needed to use personal time off to accommodate her "health issues" and to attend her grandmother's funeral. In response, Wright informed Hailey she should apply for a different position that had more flexible hours.

30. From August 8, 2022 through August 12, 2022, Hailey discovered that Heather Postell ("Postell"), Atrium's Levine Cancer Institute Access Center Clerical Team Lead, failed to follow Atrium's "RED Flag" protocols for a patient. Hailey learned that instead of triaging the patient, Postell sent a message requesting authorization for pain medications to the wrong clinic. Upon discovering Postell's error, Hailey emailed Postell, Matteliano, and Wright that Postell failed to follow Atrium's "RED Flag" protocols and that the patient's medical issues needed to be addressed immediately. Postell "replied all" to the email chain stating, "Whoops my error."

Matteliano "replied all" stating, "everyone makes mistakes." Upon information and belief, Postell received a verbal coaching from Wright reminding her to direct requests correctly.

31. Instead, on or about August 17, 2022, Wright emailed Hailey accusing her of multiple RED Flag protocol violations, which were completely unfounded. For example, Wright stated that on one occasion Hailey "willfully provided false information." This particular instance resulted from Atrium's system's "auto-fill" function, which Matteliano and Wright instructed Hailey to use to "increase efficiency." Wright also stated that Hailey never attempted to contact nurses to obtain treatment for a specific patient. However, Hailey had sent urgent, high priority messages to the appropriate nurses.

32. On or about August 18, 2022, Hailey emailed Matteliano and Wright, complaining about being treated differently than Postell, who blatantly violated Atrium's RED Flag protocol. Neither Matteliano nor Wright responded.

33. Instead, on August 23, 2022, Wright terminated Hailey's employment for the purported reason of "fail[ing] to follow appropriate RED Flag triage protocols for a patient" on August 17, 2022. Hailey asked Wright why she was being terminated, whereas Postell did not receive any discipline. Wright responded, "it's none of your business how we handle other employees."

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Violations of ADA—Discrimination)**

34. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35. Atrium regularly employed more than fifteen employees at all relevant times.

36. Plaintiff was disabled in that she had mental impairments that substantially limited one or more major life activities, including but not limited to working, interacting with others, communicating, thinking, caring for herself, eating, and sleeping.

37. At all times relevant, Plaintiff was able to perform the essential functions of her job with or without accommodation.

38. Atrium discriminated against Plaintiff by treating her differently than other similarly situated employees because she requested an accommodation under the ADA.

39. Atrium discriminated against Plaintiff by terminating her employment because of her disability.

40. As an actual, proximate, and foreseeable result of Atrium's actions, Plaintiff suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violations of ADA—Retaliation)

41. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

42. Atrium unlawfully retaliated against Plaintiff in violation of the ADA by terminating her employment because she engaged in activity protected by the ADA by complaining in good-faith about conduct she reasonably believed violated the ADA.

43. Atrium's actions were intentional, willful, and/or taken with reckless disregard for Plaintiff's rights under the ADA.

44. As an actual, proximate, and foreseeable result of Atrium's actions, Plaintiff suffered lost back and front pay, benefits associated with her employment, and has suffered and

continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

**PLAINTIFF'S THIRD CAUSE OF ACTION**
(Violation of FMLA—Relation)

45. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

46. Atrium unlawfully retaliated against Plaintiff by treating her differently than other similarly situated employees because Plaintiff utilized continuous and intermittent FMLA leave.

47. Atrium's actions were intentional, willful, and/or taken with reckless disregard for Plaintiff's rights under the FMLA.

48. As an actual, proximate, and foreseeable result of Atrium's actions, Plaintiff suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to the ADA and FMLA requiring Atrium pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Atrium's unlawful actions;

b) An Order pursuant to the ADA and FMLA requiring Atrium to reinstate Plaintiff to the position she held prior to the termination of her employment, or to a comparable position with seniority, benefits and wages, or awarding front pay in lieu thereof;

c) An Order pursuant to the FMLA requiring Atrium to pay Plaintiff liquidated damages;

d) An Order pursuant to the ADA requiring Atrium to pay Plaintiff compensatory damages;

e) An Order pursuant to the ADA requiring Atrium to pay punitive damages;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Atrium willfully violated provisions of the ADA and FMLA for the causes of action alleged herein;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEAMAND

Plaintiff demands a trial by jury for all issues of fact.

This 29th day of October, 2024.

        Respectfully submitted,

        s/ Corey M. Stanton
        Philip J. Gibbons, Jr., NCSB #50276
        Corey M. Stanton, NCSB #56255
        **GIBBONS LAW GROUP, PLLC**
        14045 Ballantyne Corporate Place, Suite 325
        Charlotte, North Carolina 28277
        Telephone: (704) 612-0038
        Facsimile: (704) 612-0038
        Email: phil@gibbonslg.com
              corey@gibbonslg.com

        *Attorneys for Plaintiff*